Darrell L. Cochran
Patrick A. Brown
Pfau, Cochran, Vertetis & Amala, PLLC
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799
darrell@pcvalaw.com
pbrown@pcvalaw.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| CAYA LENAY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ROSS HUNTER, an individual, JASON ALDANA, an individual,<br><br>Defendants. | No. 3:25-cv-5743<br><br>**CLASS ACTION COMPLAINT FOR CIVIL RIGHTS VIOLATIONS**<br><br>Demand for Jury Trial |

COMES NOW Plaintiffs, by and through their attorneys Darrell L. Cochran and Patrick A. Brown of Pfau Cochran Vertetis Amala PLLC, and bring a cause of action against Defendants and allege the following:

## I.  INTRODUCTION

1. <u>Nature of Case</u>. This is a class action arising out of Defendant Ross Hunter's and Defendant Jason Aldana's actions and inactions, who were acting under the color of law when they deliberately violated RCW 72.01.410 and RCW 13.40.280, which define Green Hill School residents' rights, when they transferred 43 Green Hill School residents to the Department of Corrections' ("DOC") custody without notice, without cause, without access to counsel, and without due process on July 12, 2024, and subsequently retaliated against the 43



1. transferees when a court ordered their immediate return to Green Hill School. Defendants' actions and inactions were in direct violation of Plaintiffs' statutory and Constitutional rights. As part of the transfer, Defendants confiscated the 43 transferees' personal property, destroyed their personal property, and placed the transferees into DOC custody where they were subjected to significant emotional and physical abuse and other cruel and unusual punishment in adult prison. Because of Defendants' violation of the 43 transferees' statutory and constitutional rights, the transferees not only suffered significant emotional and psychological injury but also lost personal property worth thousands of dollars, as well as irreplaceable letters and photographs from now deceased family members, for which Plaintiffs seek compensation pursuant to RCW 4.24.630. This case presents the situation where Defendants abused their statutory and executive power by deliberately, consciously, and/or recklessly violating the 43 transferees' statutory rights and caused them significant damages.

2. On July 15, 2024, in response to the illegal transfer, a civil legal aid law firm petitioned the Thruston County Superior Court for a preliminary injunction and asked the court for the return of the 43 transferees to Green Hill School. On July 23, 2024, Thurston County Superior Court Judge Anne Eagler held that Defendants violated RCW 72.01.410 and RCW 13.40.280 and ordered the immediate return of the 43 transferees to Green Hill School.

3. Plaintiff Caya Lenay is one of the 43 transferees and brings this lawsuit pursuant to 42 U.S.C. § 1983 individually and as a class representative to recover the damages resulting from the illegal transfer, including economic and non-economic damages and punitive damages, for which Defendants are severally and jointly liable for their acts under the color of law and for their acts with deliberate indifference and/or conscious disregard that deprived Plaintiffs' statutory rights.

CLASS ACTION COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## II.     PARTIES

4.     <u>Plaintiff Caya Lenay.</u>: Plaintiff Caya Lenay is a resident at Green Hill School and one of the 43 transferees who was sent to DOC's custody in violation of RCW 72.01.410 and RCW 13.40.280, and he brings this action individually and as class representative for all transferees. Caya is currently a resident of Chehalis, Thuston County, Washington.

5.     <u>Defendant Ross Hunter.</u> Defendant Ross Hunter was the State of Washington's Department of Children, Youth and Families ("DCYF") Secretary and was acting under the color of law when he illegally transferred 43 Green Hill School residents to DOC. He is a resident of Kirkland, King County, Washington.

6.     <u>Defendant Jason Aldana.</u> Defendant Jason Aldana was the Green Hill School Superintendent and was acting under the color of law when he illegally transferred 43 Green Hill School residents to DOC. He is a resident of Aberdeen, Grays Harbor County, Washington.

## III.     JURISDICTION AND VENUE

7.     <u>Tort Claim.</u>  Over sixty (60) days have elapsed since Plaintiffs filed a tort claim.

8.     <u>Jurisdiction.</u> This Court has personal jurisdiction pursuant to RCW 4.28.185. Subject matter jurisdiction is predicated on federal question jurisdiction (28 U.S.C. §1331 and § 1343) due to claims under 42 U.S.C. §1983.

9.     <u>Venue.</u> Venue is proper in this Court pursuant to 28 U.S.C. §1391 as the Defendants reside in this judicial district and are residents of the State in which this district is located, as well as this district being where the events or omissions occurred.

## IV.     FACTS

10.     Established in 1889, Green Hill School is a Washington State owned and operated 180-bed medium/maximum security facility for male juvenile offenders in Chehalis, Washington.[1] In July 2019, DCYF assumed responsibility for administering the State's juvenile

---

[1] https://dcyf.wa.gov/services/juvenile-rehabilitation/green-hill

CLASS ACTION COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

Page **3** of **11**



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

rehabilitation facilities, including Green Hill School. Unlike jail or prison, Green Hill School offers rehabilitative services, including counseling, academic classes, vocational training, and mentorship programs to juvenile offenders.

11. Green Hill School's mission is to provide a "safe, structed, and secure environment" where juveniles can learn new skills, develop positive habits, and disengage from the activities that sent them to Green Hill School. Green Hill School's program is a dialectical behavioral therapy, which is used to teach and reinforce behavioral expectations. Each Green Hill School resident has an individual treatment plan designed to teach skills necessary for successful reintegration into their communities and families. Green Hill School offers each resident an assigned counselor, treatment groups, academic classes to obtain a high school degree and/or a college degree, and vocational training.

12. In 2018, House Bill 6160 (a/k/a "JR-to-25 law") passed, which permitted juveniles sentenced in adult court for crimes committed when they were under the age of 18 to have a statutory right to be committed to the custody of DCYF until the age of 25. Prior to the passing of the bill, Green Hill School residents were transferred to DOC on their 21st birthday. The purpose of passing House Bill 6160 was to provide Green Hill School residents with a less restrictive community facility where they were able to prepare for successful reentry into their communities.

13. The JR-to-25 law recognizes that young adults need access to education, programing, therapeutic services, a higher degree of safety, and a better chance of successful reentry into society.

14. Washington State advocates pushed for the passing of House Bill 6160 because science showed that young people's brains are not fully developed until age 25. For this reason, federal and state judges have ruled that juveniles and young adults should be treated differently for their crimes than older adults.

CLASS ACTION COMPLAINT FOR CIVIL RIGHTS VIOLATIONS



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

15. The JR-to-25 law was codified in RCW 72.01.410, which expressly states that these adult-sentenced youth in DCYF custody must be treated the same as any other youth in DCYF custody. This means that these adult-sentenced youth may only be transferred to DOC custody after (1) a hearing before a review board pursuant to RCW 13.40.280[2], and (2) the juvenile offender presents a continuing and serious threat to the safety of others in the institution.

16. Neither of these was the case here. On July 12, 2024, Defendants Hunter and Aldana, in their official State capacity, transferred 43 Green Hill School residents under the age of 25 to DOC custody **_without_** a review board hearing, and the transferees did not present a continuing and serious threat to the safety of others. Defendants knew, or should have known, that Green Hill School residents had a statutory right to remain at Green Hill School pursuant to RCW 72.01.410 and RCW 13.40.280. However, Defendants ignored the 43 transferees' statutory rights and deliberately transferred them to DOC's custody, where they were subjected to emotional and physical abuse, as well as cruel and unusual punishment due to the lack of rehabilitative services, excessive room confinement, excessive use of force, and arbitrary and punitive disciplinary practices.

17. Defendants confiscated the 43 transferees' personal property and destroyed some of their property, including clothing, letters and photographs from deceased family members, Native American honorary Eagle feathers, and relatives' ashes that were maintained in an urn.

18. None of the 43 transferees presented a continuing and serious threat to the safety of others. To the contrary, many of the 43 transferees were model residents and mentors who

---

[2] RCW 13.40.280(2) - The secretary of the department of children, youth, and families may, with the consent of the secretary of the department of corrections, transfer a juvenile offender to the department of corrections if it is established at a **_hearing before a review board_** that continued placement of the juvenile offender in an institution for juvenile offenders presents a **_continuing and serious threat to the safety of others_** in the institution. The department of children, youth, and families shall establish rules for the conduct of the hearing, including provision of counsel for the juvenile offender. (emphasis added).

CLASS ACTION COMPLAINT FOR CIVIL RIGHTS VIOLATIONS



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Page **5** of **11**

graduated from Green Hill School's esteemed program, "M.A.D.E. Men".[3] The 43 transferees were taking advantage of all rehabilitative services Green Hill School offered and were on track to successfully reentering their communities. Some of the 43 transferees, however, reported sexual abuse by Green Hill School staff prior to their illegal transfer. Thus, it is believed that some of the transferees' reports of sexual abuse contributed to the sudden and illegal transfer to DOC's custody.

19. On July 15, 2024, Columbia Legal Services petitioned the Thurston County Superior Court for a preliminary injunction and asked the court for the immediate return of the 43 transferees to Green Hill School and to prohibit DCYF from transferring any Green Hill School resident under the age of 25 to DOC's custody without following the statutory due process protections. On July 23, 2024, Thurston County Superior Court Judge Anne Eagler held that Defendants violated RCW 72.01.410 and RCW 13.40.280 and ordered the immediate return of the 43 transferees to Green Hill School.

20. After the transferees were returned to Green Hill School, Defendants retaliated against them. Since their return to the Green Hill School, the 43 transferees have been deprived of their necessary rehabilitative counseling services, and staff have been physically and verbally abusive towards them. Because of the lack of rehabilitative services and physical and verbal abuse by staff, the transferees no longer feel safe at Green Hill School and have been deprived of the vision of passing House Bill 6160.

21. As a direct and proximate cause of Defendants' conduct, Plaintiffs suffered economic and non-economic damages.

---

[3] https://dcyf.wa.gov/news/green-hill-launches-peer-mentoring-program

CLASS ACTION COMPLAINT FOR CIVIL RIGHTS VIOLATIONS



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## V.     CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of himself and a Class under Civil Rule 23 (CR 23), consisting of all 43 individuals who were illegally transferred to DOC custody on July 12, 2024.

23. This Class is so numerous that joinder of all members is impractical.

24. Plaintiff is a member of the Class, and his claim is typical of the Claims of all class members.

25. Plaintiff will fairly and adequately protect all Class members. Plaintiff has interests which are not antagonistic to, or in conflict with, those interests Plaintiff seeks to represent as Class representatives. Plaintiff has retained counsel competent and experienced in class action and civil rights litigation.

26. Questions of law and fact which are common to the Class with respect to their claims against Defendants predominate over any individual questions. Among such common questions of law and fact are:

   (a) Whether Washington statutes, and/or common law were violated by the acts and omissions of Defendants as alleged in this complaint;

   (b) Whether Defendants' conduct as described herein violated the Class members' constitutional civil rights in violation of 42 U.S.C. § 1983;

   (c) Whether Defendants knew, to what extent they knew, or to what extent they should have known, that they were violating statutory and constitutional rights, as well as a settlement agreement, when they transferred 43 Green Hill School residents to DOC's custody in violation of RCW 72.01.410 and RCW 13.40.280;

27. There is a community of interest among the class members in obtaining appropriate compensatory damages and other equitable relief.

28. A class action is superior to other methods for the fair and efficient adjudication of the damage claims presented by this complaint and will prevent the undue financial,

CLASS ACTION COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Page **7** of **11**

administrative, and procedural burdens on the parties and the Court that individual litigation would impose. Because the damages suffered by individual members of the class may be relatively small compared to the resources of the Defendants, the expense and burden of individual litigation make it impractical for the class members to pursue individual litigation against Defendant in order to vindicate their rights.

29. Accordingly, the proposed class fulfills the certification criteria of CR 23(a)(1)-(4), and certification of the above-defined class is appropriate under one or more of the provisions of CR 23(b).

### VI. CAUSES OF ACTION

### COUNT I
### CIVIL RIGHTS VIOLATION
### AS TO ALL DEFENDANTS
### 42 U.S.C. § 1983

30. <u>Civil Rights Violation.</u> Based on the paragraphs set forth and alleged above, Defendants are liable for compensatory and punitive damages for their affirmative acts and omissions, all while acting under color of law, that were deliberately indifferent to the clearly established statutory rights defined in RCW 72.01.410 and RCW 13.40.280. Plaintiffs had a recognized statutory right to remain at Green Hill School until the age of 25 and a statutory right to due process for a transfer to DOC custody prior to reaching the age of 25, and Defendants violated Plaintiffs' statutory rights under the Fourteenth Amendment by failing to comply with RCW 72.01.410 and RCW 13.40.280. Defendants deprived Plaintiffs of their civil rights under the U.S. Constitution by transferring Plaintiffs to an adult prison, and Defendants violated their duty to provide conditions of reasonable health and safety to the youth they held in their custody, which demonstrates deliberate indifference to a substantial risk of harm to Plaintiffs, in violation of Plaintiffs' rights under the Fourteenth Amendment to the U.S. Constitution, which caused Plaintiffs damages for which Defendants are liable.

CLASS ACTION COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Page **8** of **11**

## COUNT II
### DEPRIVATION OF CIVIL RIGHTS
### AS TO ALL DEFENDANTS
### 42 U.S.C. § 1983

31. <u>Deprivation of Civil Rights.</u> Based on the paragraphs set forth and alleged above, Plaintiffs had a statutory and an Eight Amendment right to juvenile rehabilitation, and Defendants violated Plaintiffs' rights when they illegally transferred them to DOC custody, depriving them of the rehabilitative services, and Defendants continued to violate Plaintiffs' statutory and constitutional rights when they retaliated against Plaintiffs upon their return to Green Hill School by failing to provide them with rehabilitative services, amounting to cruel and unusual punishment, and Defendants' actions and inactions were all committed under color of law, causing Plaintiffs damages for which Defendants are liable.

## COUNT III
### VIOLATION OF CIVIL RIGHTS, SUBSTANTIVE DUE PROCESS
### AS TO ALL DEFENDANTS
### 42 U.S.C. § 1983

32. <u>Civil Rights, Substantive Due Process.</u> Based on the paragraphs set forth and alleged above, Plaintiffs had a right to due process, and Defendants violated Plaintiffs' due process rights under the Fourteenth Amendment by transferring them to DOC custody (1) absent a hearing before a review board and (2) when Plaintiffs did not present a continuing and serious threat to the safety of others in the institution, which was in direct violation of RCW 13.40.280, and Defendants are liable for their deliberate violations of Plaintiffs' right to due process.

## COUNT IV
### VIOLATION OF CIVIL RIGHTS
### AS TO ALL DEFENDANTS
### 42 U.S.C. § 1983

33. <u>Civil Rights.</u> Based on the paragraphs set forth and alleged above, Defendants deprived Plaintiffs of their civil rights by removing them from their rehabilitative services at

CLASS ACTION COMPLAINT FOR CIVIL RIGHTS VIOLATIONS



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Green Hill School and placing them in DOC custody where Plaintiffs were subjected to excessive room confinement, excessive use of force, and arbitrary and punitive disciplinary practices, constituting cruel and unusual punishment in violation of Plaintiffs' Eight Amendment rights, causing Plaintiffs damages for with Defendants are liable.

## COUNT V
## TRESPASS TO CHATTELS
## AS TO ALL DEFENDANTS
## (RCW 4.24.630)

34. <u>Trespass to Chattels.</u> Based on the paragraphs set forth and alleged above, Defendants are liable for damage to personal property, which Plaintiffs had a possessory interest in, and Defendants knew, or should have known, that removing and destroying Plaintiffs' personal property without consent was wrongful and violative of RCW 4.24.630, and Defendants' actions proximately caused Plaintiffs damages for which Defendants are liable.

## VII. RESERVATION OF RIGHTS

35. <u>Reservation of Rights.</u> Plaintiffs reserve the right to assert additional claims as may be appropriate following further investigation and discovery.

## VIII. JURY DEMAND

36. <u>Jury Demand.</u>  Plaintiffs demand that this action be tried before a jury.

## IX. PRAYER FOR RELIEF

37. <u>Relief.</u> Plaintiffs respectfully request the following relief:

    A. That the Court award Plaintiffs appropriate relief, to include all special and general damages established at trial;

    B. That the Court award costs, reasonable attorneys' fees, and statutory interest under any applicable law, or other grounds in equity, including 42 U.S.C. § 1983;



C. That the Court award punitive damages as authorized by 42 U.S.C. § 1983;

D. That the Court award pre-judgment interest on items of special damages;

E. That the Court award post-judgment interest;

F. That the Court award Plaintiffs such other, favorable relief as may be available and appropriate under law or at equity;

G. That the Court enter such other and further relief as the Court may deem just and proper.

SIGNED this 21st day of August, 2025.

PFAU COCHRAN VERTETIS AMALA PLLC

By: /s/ Darrell L. Cochran
Darrell L. Cochran, WSBA No. 22851
Attorneys for Plaintiffs

By: /s/ Patrick A. Brown
Patrick A. Brown, WSBA No. 56627
Attorneys for Plaintiffs

CLASS ACTION COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654